UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GALE JOSEPH YOUNG,<br><br>  Plaintiff,<br><br>  v.<br><br>SAN FRANCISCO SHERIFF'S DEPARTMENT, et al.,<br><br>  Defendants. | Case No. 15-cv-03267-KAW  (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff Gale Joseph Young, a state prisoner incarcerated at the San Francisco County Jail, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights by the San Francisco Sheriff's Department and San Francisco Sheriff's Deputies Garay #2101, Honda #1855, Soville #1997, Fields #1300, Frietzche #1943, H. Wong #1959 and A. Wong #1830.  Plaintiff has consented to the jurisdiction of the undersigned United States Magistrate Judge over this action.  Plaintiff has filed a motion for leave to proceed *in forma pauperis* ("IFP"), which is granted in a separate order.  The Court now addresses the claims asserted in Plaintiff's complaint.

## DISCUSSION

### I.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *Id.* § 1915A(b)(1), (2).  *Pro se*

pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Caifornia Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633.

Under no circumstances is there respondeat superior liability under § 1983. *Lemire*, 756 F.3d at 1074. Or, in layman's terms, under no circumstances is there liability under section 1983 solely because one is responsible for the actions or omissions of another. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984). A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012) (citing *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011)). It is insufficient for a plaintiff only to allege that supervisors knew about the constitutional violation and that they generally created policies and procedures that led to the violation, without alleging "a specific policy" or "a specific event" instigated by them that led to the constitutional violations. *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012).

II.     **Plaintiff's Claims**

In his complaint, Plaintiff alleges that, on July 26, 2014, while he was in custody in the San

2

Francisco County Jail, the named Sheriff's deputies beat him to the point that he had kidney swelling, facial swelling, blinding in his left eye and severe pain that has yet to fade. These injuries were so severe that he was taken to the San Francisco General Hospital for treatment. He also alleges that "San Francisco Sheriff intentionally put me with inmates that were prone to attack me."

Liberally construed, the allegations that Plaintiff was beaten state an Eighth Amendment claim for excessive force against the named deputies. However, the allegation that the Sheriff put Plaintiff with inmates that were prone to attack him does not state a cognizable claim because he does not allege the individuals who put him with the inmates and the allegations are insufficient to show that the Sheriff is liable in his supervisory capacity. Plaintiff is granted leave to amend to correct this deficiency, if he truthfully can do so.

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. The claim that the Sheriff placed Plaintiff with inmates who were prone to attack him is DISMISSED with leave to amend in accordance with the standards set forth above. The amended complaint must be filed within twenty-eight (28) days of the date this Order is filed and must include the caption and civil case number used in this Order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the original complaint by reference. Failure to amend within the specified time period will result in this claim being dismissed with prejudice.

2. The cognizable excessive force claim will be served after Plaintiff files and the Court reviews his amended complaint. If Plaintiff does not file an amended complaint within twenty-eight days, the excessive force claim will then be served on Defendants.

3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so

3

may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

Dated: September 1, 2015


_____
KANDIS A. WESTMORE
United States Magistrate Judge