UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GALE JOSEPH YOUNG,<br><br>Plaintiff,<br><br>v.<br><br>SAN FRANCISCO SHERIFF DEPARTMENT, et al.,<br><br>Defendants. | Case No. 15-cv-03267-KAW   (PR)<br><br>**AMENDED ORDER DENYING MOTION TO CONTINUE TO ALLOW AMENDMENT WITH NEW CLAIM, GRANTING MOTION TO AMEND AND SERVING COGNIZABLE CLAIMS**<br><br>Re: Dkt. Nos. 8, 9 |

## INTRODUCTION

On July 14, 2015, Plaintiff Gale Joseph Young, a state inmate at the San Francisco County Jail, filed a pro se civil rights action against several San Francisco County sheriff's deputies. On September 1, 2015, the Court issued an order of dismissal with leave to amend finding that Plaintiff's allegations appeared to state a cognizable Eighth Amendment claim for excessive force against the named sheriff's deputies, but that it did not state a cognizable Eighth Amendment claim against the Sheriff for housing Plaintiff with inmates who were prone to attack him. The Court granted Plaintiff leave to amend to correct the noted deficiencies in the second claim.

On September 11, 2015, Plaintiff filed a motion to continue so that he could amend the complaint to add a First Amendment claim for violation of his right to access the courts. On September 16, 2015, Plaintiff filed a motion to amend his complaint.

The motion for a continuance to add a First Amendment claim is denied because it and the original claims do not arise out of the same same transaction, occurrence or series of transactions or occurrences and do not have any question of law or fact in common. *See* Fed. R. Civ. P. 20(a)(2)(A)-(B) (the two requirements for joining a defendant are: (1) the claims against all defendants must "arise out of the same transaction, occurrence, or series of transactions or

occurrences"; and (2) "any question of law or fact common to all defendants will arise in the action."). The denial of this motion does not affect Plaintiff's ability to file a separate complaint alleging a First Amendment claim, if he wishes to do so.

In light of the need for judicial efficiency, the Court construes Plaintiff's motion to amend his complaint as his amended complaint and now reviews it.

## DISCUSSION

### I. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Caifornia Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633. Under no circumstances is there respondeat superior liability under § 1983. *Lemire*, 726 F.3d at 1074. Or, in layman's terms, under no circumstances is there liability under § 1983 solely because one is

responsible for the actions or omissions of another. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984).

In the September 1, 2015 order, the Court found that Plaintiff did not state a cognizable claim against the Sheriff because he did not name the individuals who put him with inmates who were prone to attack him and the allegations were insufficient to show that the Sheriff was liable in his supervisory capacity.

**II.     Allegations in Amended Complaint**

In his amended complaint, Plaintiff alleges that, despite the policies and procedures of the Sheriff's Department to separate inmates who are in rival gangs, Seventh Floor Deputy Fields housed Plaintiff with members of a rival gang and Plaintiff was forced to fight one of the rival gang members. On another day, Plaintiff was transferred downtown for a court appearance, placed in a holding cell with a group of rival gang members and was attacked by four of them. Furthermore, under Captain Adams, the deputies on the Seventh Floor are allowed to "pit African American inmates against each other for entertainment."

These allegations, even liberally construed, do not state a claim against the Sheriff's Department. Therefore, the claim against the Sheriff's Department is dismissed. However, the allegations, liberally construed, appear to state a cognizable Eighth Amendment claim against Deputy Fields and Captain Adams for failing to protect Plaintiff from violence from other inmates. *See Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of prisoners; prison officials have affirmative duty to protect inmates from violence at the hands of other inmates).

Furthermore, Plaintiff may be able to state an Equal Protection claim based on his different treatment because he is African American. However, to state a cognizable Equal Protection claim, Plaintiff must allege that Defendants acted, at least in part, because of Plaintiff's membership in a protected class. *See Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013). Although the allegations suggest that Plaintiff was treated differently based on his race, he does not allege that Deputy Fields or Captain Adams acted, at least in part, because Plaintiff is African American. Plaintiff is granted leave to amend this claim, if he can truthfully do so.

3

**CONCLUSION**

Based on the foregoing, the Court orders as follows:

1. Plaintiff's motion for a continuance is denied.

2. Plaintiff's motion to amend his complaint is granted. The motion is construed as the amended complaint. The Court previously has found that the allegations, liberally construed, stated an Eighth Amendment excessive force claims against San Francisco Sheriff's Deputies Garay, Honda, Scoville, Fields, Frietzsche, H. Wong and A. Wong. The Court now finds that the allegations, liberally construed, state an Eighth Amendment claim for deliberate indifference to Plaintiff's safety against San Francisco Sheriff's Deputy Fields and San Francisco Sheriff's Captain Adams.

3. The allegations do not state a cognizable claim against the Sheriff's Department and the claim against it is dismissed.

4. The Clerk of the Court shall mail <u>a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint (docket no. 1), the amended complaint (docket no. 9) and all attachments thereto, a copy of this Order and the Order of Dismissal with Leave to Amend (docket no. 6) and a copy of the form "Consent or Declination to Magistrate Judge Jurisdiction" to San Francisco Sheriff's Defendants Garay, Honda, Scoville, Fields, Frietzsche, H. Wong, A. Wong, and Adams.</u> This form can also be found at www.cand.uscourts.gov/civilforms. The Clerk shall also mail a copy of the complaint, amended complaint, the Order of Dismissal with Leave to Amend and a copy of this Order to the San Francisco City Attorney's Office in San Francisco, and a copy of this Order to Plaintiff.

5. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure require them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver forms. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve

4

and file an answer before <u>sixty</u> days from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.)

Defendants are advised to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the answer shall be due <u>sixty</u> days from the date on which the request for waiver was sent or <u>twenty</u> days from the date the waiver form is filed, whichever is later.

6. Defendants shall file their Consent or Declination to Magistrate Judge Jurisdiction on or before the date their answer is due.

7. The following briefing schedule shall govern dispositive motions in this action:

a. No later than <u>thirty</u> days from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. If Defendants file a motion for summary judgment, it shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

At the time of filing the motion for summary judgment or other dispositive motion, Defendants shall comply with the Ninth Circuit's decision in *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012), and provide Plaintiff with notice of what is required of him to oppose a summary judgment motion.

b. Plaintiff's opposition to the motion for summary judgment or other dispositive motion shall be filed with the Court and served on Defendants no later than <u>twenty-eight</u> days after the date on which Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to *pro se* plaintiffs facing a summary judgment motion:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

5

> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Before filing his opposition, Plaintiff is advised to read the notice that will be provided to him by Defendants when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' summary judgment motion.  Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration.  Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

    c. Defendants <u>shall</u> file a reply brief no later than <u>fourteen</u> days after the date Plaintiff's opposition is filed.

    d. The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

8. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

9. Plaintiff is granted leave to amend to correct the deficiencies in his Equal Protection claim, if he truthfully can do so and he believes amendment is warranted.  If Plaintiff chooses to

6

file a second amended complaint, he must do so within <u>twenty-one days</u> from the date of this Order.  If Plaintiff files a second amended complaint, he must file it on the Court's civil complaint form and must include the caption and civil case number used in this order, (No. C 15-3267 KAW (PR)), and the words "COURT-ORDERED SECOND AMENDED COMPLAINT" on the first page.  Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original complaint or his amended complaint by reference.  In other words, he must include all of his claims and allegations in his second amended complaint.  Failure to file an second amended complaint within the designated time and in accordance with this Order will result in the dismissal of the Equal Protection claim.

   10.  It is Plaintiff's responsibility to prosecute this case.  He must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

   11.  Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than <u>fourteen</u> days prior to the deadline sought to be extended.

   12. The Clerk shall add Captain Adams as a defendant on the docket of this case.

   13. The Clerk shall send Plaintiff a copy of the Court's civil rights complaint form.

   14. This Order terminates docket number 8 and 9.

   **IT IS SO ORDERED**.

Dated:   11/4/15

                    _____
                    KANDIS A. WESTMORE
                    United States Magistrate Judge