UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GALE JOSEPH YOUNG,

    Plaintiff,

v.

GARAY, et al.,

    Defendants.

Case No. 15-cv-03267-KAW   (PR)

**ORDER GRANTING MOTION TO DISREGARD MOTION FOR STAY AND VACATING MOTION FOR STAY; DENYING AS MOOT MOTION TO AMEND, DENYING MOTION FOR LAW LIBRARY ACCESS AND FOR REMOVAL FROM CUSTODY; REVIEWING SECOND AMENDED COMPLAINT AND SERVING COGNIZABLE CLAIM; REVISING BRIEFING SCHEDULE**

Re: Dkt. Nos. 29, 37, 41, 42

        On November 24, 2015, this Court issued an order directing service of Plaintiff's cognizable claims. Dkt. no. 15. In the Order, the Court noted that Plaintiff might be able to state a cognizable equal protection claim based on the allegation that Captain Adams allows deputies on the seventh floor of the jail to "pit African-American inmates against each other for entertainment." On December 17, 2015, Plaintiff filed a motion to amend his equal protection claim. Dkt. no. 23. On February 3, 2016, the Court construed the motion to amend to be an amended complaint and found that it did not state a cognizable claim because Plaintiff did not explain how his equal protection rights were violated and he did not name the defendants who allegedly violated his rights. Dkt. no. 25. The Court granted Plaintiff twenty-one additional days, or to February 24, 2016, to file a Second Amended Complaint ("SAC") and, if he did not do so within this time, the equal protection claim would be dismissed with prejudice.

        On February 18, 2016, Plaintiff filed a motion to stay all proceedings; however, on April 4, 2016, he filed a motion to disregard the motion to stay. The latter motion is GRANTED and the motion to stay is VACATED.

On February 29, 2016, Plaintiff filed a motion to amend his complaint, which Defendants oppose. Dkt. nos. 29, 37. On March 25, 2016, Plaintiff filed a document entitled, "Amend Rough Draft." Dkt. no. 40. On March 29, 2016, Plaintiff filed a motion for access to the law library and for removal from the custody of the San Francisco Sheriff's Department. Dkt. no. 41. For the reasons discussed below, the Court denies as moot the motion to amend, denies the motion for access to law library and for removal from custody. The Court construes the rough amended complaint as the SAC and reviews it.

## DISCUSSION

### I. Motion to Amend

Plaintiff moves to amend to add equal protection and "crimen falsi" claims and to add three defendants. Defendants oppose on the grounds that the motion does not meet the Court's February 24, 2015 deadline to file an amended complaint, the proposed amendment fails to state an equal protection claim and Plaintiff has caused undue delay by failing to meet the Court's previous deadlines. Plaintiff responds that he timely put his motion and "Amend Rough Draft" in the jail's outgoing mail and any delay was caused by the failure of the San Francisco jail personnel to timely place his outgoing mail in the United States postal service mail. Because Plaintiff's explanation is plausible, the Court construes the "Amend Rough Draft" to be his SAC and will review it to determine if it states cognizable claims. However, because the Court granted Plaintiff leave to amend, a motion to amend is unnecessary and the Court denies the motion as moot.

### II. SAC

As stated above, the Court construes the document entitled, "Amend Rough Draft" to be Plaintiff's SAC. The Clerk is directed to file it as Plaintiff's SAC which the Court now reviews.

#### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se*

pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Caifornia Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633. Under no circumstances is there respondeat superior liability under § 1983. *Lemire*, 726 F.3d at 1074. Or, in layman's terms, under no circumstances is there liability under § 1983 solely because one is responsible for the actions or omissions of another. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984).

### B. Allegations in SAC

The SAC alleges that the policy of the Sheriff's Department is to separate inmates in the jail who cannot be safely housed together because of their gang affiliation. However, Captain Adams' new policy on the seventh floor of the jail does not provide the same protection to gang-affiliated African-American inmates that it provides to gang-affiliated Mexican inmates in that African-American rival gang members are placed together and the deputies expect them to fight.

Plaintiff has been identified as a member of an African-American gang. When Plaintiff arrived on the seventh floor of the jail, another inmate told him that, unlike Mexican rival gangs, African-American rival gangs are no longer separated and that Plaintiff would be expected to fight. Plaintiff told Deputy Fields that Plaintiff was outnumbered by rival gang members. Deputy

3

Fields told Plaintiff that he was to "deal with that shit in the gym." Later, Plaintiff asked Deputy Newt why the jail no longer separated African-American gangs like they still separated Mexican gangs. His response was that, "y'all black gangs get along in prison." Plaintiff later asked Deputy Silva why she placed Plaintiff in "CJ #4 Ad-seg for an altercation with a gang rival (Mr. Reed), when [the deputies] house us together knowing we're going to fight." Her response was that African-American gangs get along in prison. Inmate Reed attacked Plaintiff when they were put in a cell together. Based upon these allegations, Plaintiff asserts an equal protection claim.

Plaintiff also alleges that, in regard to his altercation with inmate Reed, Sgt. Kester stated that Plaintiff said to Reed, "This is for my dead homie." According to Kester, Reed then punched Plaintiff twice and Plaintiff then said to Reed, "This not go bring your homie back [sic]." Plaintiff alleges that Kester intentionally falsified her account of the altercation. Based upon these allegations, Plaintiff asserts a "crimen falsi" claim.

### 1. Equal Protection Claim

A plaintiff alleging denial of equal protection under 42 U.S.C. § 1983 based on race or other suspect classification must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent. *Monteiro v. Tempe Union High School Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998). To state a claim for relief, the plaintiff must allege that the defendant state actor acted at least in part because of plaintiff's membership in a protected class. *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013).

Liberally construed, the allegation that Plaintiff, as a gang-affiliated African-American, was treated differently from gang-affilated Mexican-Americans, appears to satisfy the requirement that he is a member of a race-based class consisting of gang affiliates who are African-American. Liberally construed, the allegation that Captain Adams created a policy that allows the deputies to treat African-American gang members differently than gang members of another race appears to state a cognizable equal protection claim against her. Liberally construed, the allegation that Deputy Silva placed Plaintiff in a room with a rival African-American gang member intending for them to fight appears to state a cognizable equal protection claim against Deputy Silva. Liberally construed, the allegation that Deputy Fields ignored Plaintiff's statement that he was outnumbered

4

by rival gang members and told Plaintiff he was to "deal with it in the gym" appears to state a cognizable equal protection claim against Deputy Fields. However, the allegation that Deputy Newt told Plaintiff that African-American gang members are not separated because they get along in prison does not state an equal protection claim against him because there is no allegation that he took any adverse action against Plaintiff. Accordingly, the equal protection claim against Newt is dismissed. Because this is Plaintiff's second opportunity to state an equal protection claim against Newt and he has failed to do so, the claim against Newt is dismissed without leave to amend.

### 2. "Crimen Falsi" Claim

Plaintiff asserts what he calls a "crimen falsi" claim against Kester based on the allegations that Kester falsely reported the circumstances of Plaintiff's altercation with inmate Reed. The Court is not aware of a "crimen falsi" civil rights claim. Furthermore, a prisoner has no constitutionally guaranteed right not to be falsely or wrongly accused of conduct even if it may result in the deprivation of a protected liberty interest. *See Chavira v. Rankin*, 2012 WL 5914913, *1 (N.D. Cal. 2012) (citing *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986)). "As long as a prisoner receives procedural due process during his disciplinary hearing, a prisoner's allegation of a fabricated prison disciplinary charge fails to state a cognizable claim for relief under § 1983." *Harper v. Costa*, 2009 WL 1684599, at *2 (E.D. Cal. June 16, 2009), *aff'd*, 393 F. App'x 488 (9th Cir. 2010). Plaintiff does not allege that defendants failed to provide him with procedural due process protections. Accordingly, the putative "crimen falsi" claim is dismissed. Dismissal is without leave to amend because amendment would be futile.

### III. Motion for Access to Law Library and Removal from Sheriff's Department Custody

In this motion, Plaintiff states that non-defendant Deputy Kruger has placed Plaintiff in administrative segregation and misplaced Plaintiff's legal documents in retaliation for Plaintiff's filing this lawsuit. Plaintiff requests that the Court issue orders allowing him access to the law library, granting him "pro se" library status and removing him from the custody of the San Francisco Sheriff's Department. In Plaintiff's April 4, 2016 Motion to Disregard Request for Stay, however, he states that he is no longer in administrative segregation and he is being granted

5

access to the law library, but still requests the Court to grant him pro se library status so that he may have more time in the law library.

This motion is denied. Based on Plaintiff's present status, it appears to be moot. Furthermore, the Court has no jurisdiction over non-defendants and cannot issue orders concerning them. Likewise, the Court has no authority to determine where Plaintiff is incarcerated.

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. The motion to disregard the motion for a stay is granted and the motion for a stay is vacated. The motion to amend is denied as moot; the motion for library access and removal from custody is denied.

2. The document entitled, "Amend Rough Draft," which has been received by the Clerk, is construed to be the SAC and the Clerk is directed to file it as such.

3. Liberally construed, the allegations in the SAC appear to state a cognizable equal protection claim against Captain Adams and Deputies Silva and Fields. However, even liberally construed the allegations do no state a cognizable equal protection claim against Deputy Newt or a "crimen falsi" claim against Deputy Kester. The claims against Newt and Kester are dismissed without leave to amend.

4. Because Captain Adams and Deputy Fields have already been served with the complaint, there is no need for them to be served again. However, Deputy Silva has not been served. Therefore, the Clerk of the Court shall mail <u>a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint (docket no. 1), of the SAC (docket no. 40) and all attachments thereto, a copy of this Order and the Amended Order of Service (docket no. 15) and a copy of the form "Consent or Declination to Magistrate Judge Jurisdiction" to San Franciso Sheriff's Deputy Silva.</u> This form can also be found at www.cand.uscourts.gov/civilforms. The Clerk shall also mail a copy of the SAC and a copy of this Order to the San Francisco City Attorney's Office, and a copy of this Order to Plaintiff.

6

5. Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure require Defendant to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendant, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fails to do so, Defendant will be required to bear the cost of such service unless good cause be shown for the failure to sign and return the waiver forms. If service is waived, this action will proceed as if Defendant had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant will not be required to serve and file an answer before <u>sixty</u> days from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.)

Defendant is advised to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendant has been personally served, the answer shall be due <u>sixty</u> days from the date on which the request for waiver was sent or <u>twenty</u> days from the date the waiver form is filed, whichever is later.

6. Defendant shall file Defendant's Consent or Declination to Magistrate Judge Jurisdiction on or before the date the answer is due.

7. The following briefing schedule shall govern dispositive motions in this action:

a. No later than <u>thirty</u> days from the date the answer is due, Defendant shall file a motion for summary judgment or other dispositive motion. If Defendant files a motion for summary judgment, it shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

At the time of filing the motion for summary judgment or other dispositive motion, Defendant shall comply with the Ninth Circuit's decision in *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012), and provide Plaintiff with notice of what is required of him to oppose a summary

7

judgment motion. If the motion is based on non-exhaustion of administrative remedies, Defendant must comply with the notice and procedural requirements in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014). *See Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

        b. Plaintiff's opposition to the motion for summary judgment or other dispositive motion shall be filed with the Court and served on Defendant no later than <u>twenty-eight</u> days after the date on which Defendant's motion is filed. The Ninth Circuit has held that the following notice should be given to *pro se* plaintiffs facing a summary judgment motion:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Before filing his opposition, Plaintiff is advised to read the notice that will be provided to him by Defendant when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendant's summary judgment motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

1   The same evidentiary requirement applies if Defendant files a motion for summary
2   judgment for failure to exhaust administrative remedies.  To oppose this motion, Plaintiff must
3   present any evidence he may have which tends to show that he did exhaust administrative
4   remedies or was excused from doing so.  Again, the evidence may be in the form of declarations,
5   that is statements of fact from himself or other witnesses signed under penalty of perjury, copies of
6   documents accompanied by a declaration showing where they came from and why they are
7   authentic, or discovery documents such as answers to interrogatories or depositions.  In
8   considering a summary judgment motion for failure to exhaust administrative remedies, the Court
9   can decide disputed issues of fact with regard to this portion of the case.  *See generally Albino*,
10  747 F.3d at 1172-73; *Stratton*, 697 F.3d at 1008.

   c. Defendant <u>shall</u> file a reply brief no later than <u>fourteen</u> days after the date Plaintiff's opposition is filed.

   d. The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

6. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  No further court order pursuant to Rule 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or defense counsel.

8. It is Plaintiff's responsibility to prosecute this case.  He must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

9. Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than <u>fourteen</u> days prior to the deadline sought to be extended.

10. In the interests of judicial economy, the briefing schedule pertaining to the dispositive motion on the Eighth Amendment claims against Defendants Garay, Honda, Scoville, Fields, Frietzsche, H. Wong, A. Wong, and Adams is vacated.  The dispositive motion on the Eighth

Amendment claims is now due on the same schedule as the dispositive motion on the equal protection claim against Silva, as described above, as is the dispositive motion on the equal protection claim against Adams and Fields.

11. The Clerk shall add Deputy Silva as a defendant on the docket of this case.

12. This Order terminates docket numbers 29, 37, 41 and 42.

**IT IS SO ORDERED**.

Dated: June 9, 2016

_____
KANDIS A. WESTMORE
United States Magistrate Judge